

**ORDERED in the Southern District of Florida on March 5, 2019.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. **18-25557-JKO** |
| **Forever Propane Sales & Service, Inc.**, | Chapter:   **11** |
| Debtor. | |
| _____/ | |

### ORDER DENYING DEBTOR'S AMENDED MOTION FOR RECONSIDERATION OF ORDER OF ABSTENTION AND DISMISSAL [ECF 34]

**THIS CASE** is before the Court without a hearing upon Forever Propane Sales & Service, Inc.'s (the "Debtor" or "Debtor-in-Possession") Amended Motion for Reconsideration of Order of Abstention and Dismissal (the "Motion for Reconsideration") [ECF 34]. This Court entered an Order to Show Cause Why this Court Should Not Abstain from Hearing this Case Pursuant to 11 U.S.C. § 305(a) (the "Order to Show Cause") [ECF 24]. The Order to Show Cause observed that this bankruptcy case "appear[ed] to be a two party dispute centered on the Fair Labor Standards Act." [ECF 24]. On February 12, 2019, following a hearing on the Order

to Show Cause, the Court entered an Order of Abstention and Dismissal [ECF 31] pursuant to 11 U.S.C. § 305(a). The Debtor then filed its Motion for Reconsideration [ECF 34] on February 25, 2019, which is at issue in this Order.

I. The Law

The "Eleventh Circuit has not directly addressed the issue of abstention under § 305," *FMB Bancshares, Inc. v. Trapeza CDO XII, Ltd. (In re FMB Bancshares, Inc.)*, 517 B.R. 361, 371 (Bankr. M.D. Ga. 2014); although, generally, courts addressing abstention under § 305 consider several factors, including

> (1) whether another forum is available or there is already pending action in another court; (2) whether the creditor and debtor are actively engaged in an out of court workout; (3) the purpose for which bankruptcy jurisdiction has been sought; (4) whether the bankruptcy will unnecessarily interfere with state or federal regulatory schemes; and (5) the effect the bankruptcy proceeding will have on the debtor's business.

*Id.* at 371-72 (citing *In re Axl Industries, Inc.*, 127 B.R. 482, 485 (S.D. Fla. 1991)). Whether the "bankruptcy action is essentially a two-party dispute" is also considered, especially where the creditor can obtain non-bankruptcy relief. *FMB Bancshares*, 517 B.R. at 372. However, the factors mentioned "are merely factors for a court to consider and *no one factor standing alone* represents a threshold issue that requires abstention." *Id.* at 372 (emphasis added). Which factors to consider and how much weight shall be given to those factors is at the discretion of the Court and shall be looked at on a case-by-case basis when determining whether abstention is appropriate under § 305(a). *Id.*

In *FMB Bancshares*, the court determined whether abstention was appropriate in considering whether the "two-party dispute . . . would be more appropriately decided in a court of general jurisdiction." *Id.* at 374. The creditor in *FMB Bancshares* was a "corporate entity

incorporated under the laws of the Cayman Islands" and an investor in a subsidiary of the debtor. *Id.* at 364. The creditor was the sole non-insider creditor of the debtor, and it initiated an involuntary Chapter 7 case against the debtor. *Id.* The debtor asked the court to abstain under § 305 on the basis of (1) bankruptcy not being in the best interests of the debtor and the creditors, and (2) the debtor-creditor relationship being a "two-party dispute that would be more appropriately decided in a court of general jurisdiction." *Id.* at 373-74. The court decided not to abstain because it was not clear that "both the debtor and creditors would be better served by [the bankruptcy court] relinquishing jurisdiction." *Id.* at 374. The court was also "not certain that [the creditor] could obtain adequate relief in another forum." *Id.* The court further reasoned that "[d]ismissal would likely result in a long protracted litigation in a court of general jurisdiction and force [the creditor] to wait even longer for any recovery of its investment." *Id.*

In *In re C&C Dev. Grp, LLC*, No. 11-32362-BKC-AJC, 2012 Bankr. LEXIS 2269, at *5, 11 (Bankr. S.D. Fla. May 21, 2012), the court dismissed a case under 11 U.S.C. § 305 because it was "evident" to the court that the creditor's motivation in filing the case was "to avoid the pending" state court action. The court further reasoned that dismissal was appropriate because the petitioning party had adequate state law remedies, and "dismissal will be granted where the petitioning [party] [is] attempting to use Bankruptcy Court as an alternative to proceeding with [s]tate [c]ourt litigation to resolve what is essentially a two-party dispute." *Id.* at *7-8.

II. Discussion

The Debtor argues that the case should not have been dismissed and this Court should not have abstained because this case is not a two-party dispute. [ECF 34]. The Debtor urges this Court to recognize the presence of creditors additional to the Fair Labor Standards Act ("FLSA")

claim made by the FLSA plaintiff, John C. Rosado, such as Caterpillar Financial Services Corporation, American Express National Bank, Manchester Tank & Equipment, and Lank Oil. [ECF 34, Exhibit A, B, C]. The latter two—Manchester Tank and Lank Oil—have not filed proofs of claim in this case. American Express has filed a proof of claim [POC 2-1] for an unsecured claim of $42,085.98, but upon further review of the statements attached to the proof of claim, it does not appear that the Debtor has been delinquent on any payments and does in fact keep current evidenced by the lack of interest charged. Caterpillar Financial Services was represented at the Order to Show Cause hearing, but assured the Court that it is "adequately protected."

If this Court were to reverse its decision of abstention and proceed with the bankruptcy, John C. Rosado's claim would have to be litigated from the start, whereas if this Court left the abstention Order as is, the ongoing litigation on the FLSA claim would just continue to run its course without restarting the clock back to zero. The FLSA case would proceed in the District Court before Magistrate Judge Edwin G. Torres, a judge and court with considerable FLSA experience and expertise—which is wholly lacking in this Court. Similar to the *C&C* case, where the two-party dispute at issue was subject to a number of bona fide disputes rendering the state court more appropriate, John C. Rosado's FLSA claim here is also contingent, unliquidated, and disputed and would be more appropriate to litigate in another forum.

Unlike in *FMB Bancshares*, this Court is sure that the main creditor disputing the Debtor has a non-bankruptcy remedy since litigation has been ongoing in the FLSA claim and a trial date has been set. Moreover, it would be in the best interest of the Debtor and the creditors for this Court to abstain because two of the creditors who have filed proofs of claim are not actively litigating their claims giving rise to any disputes. As stated on the record at the Show Cause

hearing on February 12, 2019, "there is just not enough complication in the facts [of this case] to stop the other litigation."

Here, while it is true that Mr. Rosado's FLSA claim is not the Debtor's only creditor rendering this not a two-party dispute *per se*, the mere presence of other creditors who have no actual contentious issue with the Debtor *does* turn this case into a dispute between only two of the parties.  American Express filed a proof of claim [POC 2-1], but it did not appear at the Order to Show Cause hearing.  Perhaps American Express did not appear because its most recent bill for the Debtor is current, and it shows payments of $40,000.00, $27,514.13, and $5,000.00 made to the creditor at the end of November and early December of 2018.   American Express has available non-bankruptcy, state court remedies if collection were an issue, which it does not seem to be.

Caterpillar Financial Services also filed a proof of claim [POC 1-1], but as stated on the record at the Order to Show Cause hearing on February 12, 2019, by Megan Murray, counsel for Caterpillar, this creditor does not have a "dog in the fight" because they are over secured and adequately protected.

Therefore, as stated on the record at the Show Cause hearing on February 12, 2019, since "this is a two-party dispute, and because the FLSA claim will almost certainly proceed against the individual defendant [whether or not the debtor corporation's bankruptcy proceeds], the efficient use of judicial labor speaks in favor of abstention."

Upon consideration, it is hereby **ORDERED** that the Motion for Reconsideration [ECF 34] is **DENIED**.

###

Copies furnished to:

All parties in interest.